THE STATE, FERDINAND W. ROEBLING, PROSECUTOR, v. THE INHABITANTS OF THE CITY OF TRENTON.

After persons assessed for the cost of a street improvement sign and file a remonstrance in accordance with the eighty-third section of the charter of the city of Trenton, the city is deprived of the power to proceed and enforce the payment of the assessment, and that power cannot be restored by the attempted withdrawal by the persons assessed of their names from the remonstrance.

On *certiorari.*

Argued at February Term, 1895, before Justices' VAN SYCKEL, MAGIE and GARRISON.

For the plaintiff, *William M. Lanning.*

For the defendant, *John Rellstab.*

The opinion of the court was delivered by

VAN SYCKEL, J. The writ in this case certifies for review the ordinances and proceedings under which an assessment for benefits for the opening of Bloomfield street, in the city of Trenton, was made.

The eighty-third section of the city charter provides that notice shall be served upon the parties assessed of the presentation of the report of the assessment, and that unless within two months from the presentation of such report two-thirds of such persons shall file with the city clerk their refusal in writing to agree to such assessments and costs, the same shall be binding and conclusive on all parties.

The said report was presented on the 26th day of February, 1894, in pursuance of notice duly given, and on the 25th day of April, 1894, more than two-thirds of those assessed filed with the city clerk the remonstrance provided for in the eighty-third section of the city charter. *Pamph. L.,* 1874, *p.* 373.

On the 2d day of May, 1894, after the said period of limitation had expired, some of the parties who had signed the said remonstrance withdrew their names therefrom, leaving less than two-thirds remaining thereon.

The eighty-third section further provides that if the refusal of two-thirds of those assessed shall be filed within the limited two months, no further proceedings shall be taken to enforce the collection of the assessment.

By the filing of the remonstrance or refusal within the statutory limit, signed by the requisite number, the city was deprived of the power to proceed, and that power could not be restored to the city by the attempted withdrawal of any number of the persons assessed.

This question is *res adjudicata* in this court. *Jersey City Brewery Co.* v. *Jersey City,* 13 *Vroom* 575; *Vanderbeck* v. *Jersey City,* 15 *Id.* 626.

The legality of the assessment in this case for benefits is also challenged.

The measure of the imposition is the increase in market

value which will be imparted by the improvement to lands within the assessable area.

As appears in the case, the persons appointed to make this assessment had no exceptional knowledge of values in the locality of the improvement. By the charter they were invested with power to swear and examine witnesses. The evidence taken before the assessors, so far as it appears before the court, shows that the assessment has not been made in relation to the increase of market value of property assessed, and an inspection of the assessment map and list of assessments gives strong support to the inference that the assessment was arbitrary and upon no correct legal principle.

The assessment imposed upon the plaintiff in *certiorari* is, therefore, without a legal foundation, and the result is, under the decision of the Court of Errors and Appeals in *Wilson* v. *Trenton*, 24 *Vroom* 645, the entire assessment must be set aside, that the city authorities may proceed to make a new assessment according to law.